# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3063 | **DATE** | 5/2/13 |
| **CASE TITLE** | Michael Carter (#2013-0122084) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at his place of confinement is directed to deduct $9.75 as an initial payment of the filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The complaint is dismissed without prejudice to allow Plaintiff to submit an amended complaint in accordance with this order. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the summary dismissal of this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Michael Carter, a pretrial detainee at the Cook County Jail, filed this 42 U.S.C. § 1983 action naming Sheriff Tom Dart as defendant. Plaintiff alleges that there was no heat in his cell from the time he entered the jail on January 22, 2013, to March 7, 2013. He states he complained to the superintendent of Division 5 and filed grievances, but still received no heat. Jail workers allegedly told plaintiff that his cell was not getting heat because the vents were clogged. Plaintiff states that temperature readings of his cell in March 2013 showing the temperature 70-71 degrees was false. He further contends that he was treated for several colds during his stay in the cell.

Plaintiff's *in forma pauperis* ("IFP") application shows that he is unable to pre-pay the filing fee. The court grants his motion to proceed IFP and assesses an initial partial filing fee of $9.75. The trust fund officer shall deduct this amount from plaintiff's trust fund account, when available funds exist, and send it the clerk of this court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number of this action. This payment obligation will follow plaintiff in the event he is transferred.

The court has conducted a preliminary review of the complaint. *See* 28 U.S.C. § 1915A. Plaintiff names Sheriff Tom Dart as the only defendant; however, plaintiff does not allege that Dart was personally involved with or even aware of the condition in plaintiff's cell. Plaintiff's alleged condition appears to have been localized to either his cell or his division of the jail, as opposed to a systemic problem throughout the jail. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (while a sheriff may be presumed to know of a systemic problem throughout the jail, such a presumption does not exist for localized conditions). The complaint thus does not state a claim against Dart. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (there is no respondeat superior

| STATEMENT |
|---|

liability in a § 1983 action, and a supervisory official cannot be held vicariously liable for the torts of subordinate officers; rather, he must be personally involved in some way to be individually liable).

Accordingly, the complaint is dismissed. The dismissal is without prejudice to permit plaintiff to submit an amended complaint that names a proper defendant, such as the superintendent to whom plaintiff complained or who was responsible for cell conditions in plaintiff's division. Plaintiff is given 30 days from the date of this order to submit an amended complaint. He is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. He must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies. Failure to comply with this order will result in summary dismissal of this case.